UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH M. KING,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-08-179-CI

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Joseph M. King (Plaintiff) filed for disability insurance benefits (DIB) and social security income (SSI) on April 15, 2004. (Tr. 97, 101.) Plaintiff alleged an onset date of March 1,

2004.[1] (Tr. 97, 131.) Benefits were denied initially and on reconsideration. (Tr. 80, 85.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on October 13, 2006. (Tr. 45-71.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 48-64.) Vocational expert Debra Uhlenkott also testified. (Tr. 64-70.) The ALJ denied benefits (Tr. 21-30) and the Appeals Council denied review. (Tr. 7.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts and record, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 42 years old. (Tr. 48.) He has a GED or equivalent. (Tr. 48-49.) He has previously worked at 17 different jobs, including stocking shelves at WalMart,

---

[1]Plaintiff's DIB application states he became unable to work on March 1, 2004. (Tr. 97.) At the hearing, the ALJ said, "This says you became disabled on January 1, 2001." (Tr. 50.) The document referenced by the ALJ is not identified. Plaintiff's attorney then requested change of the alleged onset date to March 1, 2004 because Plaintiff worked in 2003. (Tr. 51.) However, it appears from the record that the January 1, 2001, alleged onset date involved an application for benefits filed in September 2002 which was previously denied. (Tr. 168, 171.) Because the ALJ and the parties refer to March 1, 2004 as the "amended onset date," the court refers to March 1, 2004 as either the "alleged onset date" or the "amended alleged onset date," depending on context.

newspaper delivery, assembly line work for a motor home manufacturer, telemarketer, short order cook, warehouse laborer, materials handler, nurse's aid, sales clerk, cashier, and prep cook. (Tr. 53-54, 65-67.) Plaintiff testified he used to smoke crack and use alcohol. (Tr. 56.) He said he last used illegal drugs two years before the hearing, except for a relapse in April 2004 when his grandfather passed away. (Tr. 61-62.) He testified that he has problems sleeping and thinks people are out to get him. (Tr. 62-63.) Plaintiff has been hospitalized and taken medication for depression. (Tr. 57-58.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that

a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found

Plaintiff has not engaged in substantial gainful activity at any time since March 1, 2004. (Tr. 24.) At steps two and three, he found Plaintiff has the severe combination of impairments of drug and alcohol abuse and bipolar disorder, and the impairments meet the listings in section 12.09 and 12.04 of 20 C.F.R., Part 404, Subpt. P, App. 1. (Tr. 25.) Next, the ALJ concluded that if Plaintiff stopped the substance use, he would continue to have a severe impairment or combination of impairments, but he would not have an impairment or combination of impairments that meets or medically equals any of the impairments in the Listings. (Tr. 25-26.) The ALJ then determined:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform at least medium work. The claimant has no exertional limitations. The claimant is also capable of performing light and sedentary work. The claimant would have functional limitations due to psychological problems. The claimant would have to avoid interaction with the general public although he could interact with supervisors and co-workers on a superficial level. The claimant should not work in close cooperation or coordination with other employees and he is limited to tasks with short, simple instructions. The claimant would remain reasonably alert to perform functions required in the work setting.

(Tr. 26.) At step four, the ALJ found Plaintiff would be able to perform his past relevant work as a plastics assembler, order picker or warehouse laborer, and newspaper delivery, if Plaintiff stopped the substance abuse. (Tr. 30.) Because the ALJ found Plaintiff would not be disabled if he stopped the substance use, Plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 30.) Thus, the ALJ concluded Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. (Tr. 30.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts the ALJ erred by improperly weighing psychological opinion evidence. (Ct. Rec. 14 at 11-12.) Defendant argues the ALJ properly evaluated the opinion evidence. (Ct. Rec. 17 at 14-18.)

**DISCUSSION**

**A. Sequential Evaluation in the Context of Substance Abuse**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). Special statues and regulations govern disability claims involving substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds the claimant is not disabled under the five step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id.* If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001.) If the

claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

In this case, the ALJ properly conducted the sequential analysis and determined that Plaintiff's impairments meet the Listings without attempting to determine the effect of substance addiction. (Tr. 25.) The ALJ then determined that without substance abuse, Plaintiff would have a severe impairment or combination of impairments, but no impairment or combination of impairments would meet or medically equal the Listings. (Tr. 25-26.) The ALJ next determined Plaintiff's residual functional capacity without substance abuse and concluded Plaintiff could return to past work if he stopped substance abuse. (Tr. 26, 30.) Thus, the ALJ concluded Plaintiff would not be disabled without the effects of substance abuse and therefore Plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 30.) Plaintiff's assignment of error goes to the weight given to the psychological opinion evidence in determining Plaintiff's residual functional capacity without the effects of substance abuse. (Ct. Rec. 14 at 11-12.)

**B. Psychological Opinion Evidence**

Plaintiff argues the ALJ improperly rejected the January 27, 2005, opinion of Sandra L. Macias, an MSW intern, co-signed by Bobi Womach Goodson, a licensed social worker. (Ct. Rec. 14 at 11-12, Tr. 474-75.) Ms. Macias assessed a marked limitation in Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and a moderate limitation in the ability to relate appropriately to co-workers and supervisors. (Tr. 474.) The ALJ assigned little weight to Ms. Macias' opinion. (Tr. 29.) At the hearing, the vocational expert was asked to consider a hypothetical including the marked and moderate limitations assessed by Ms. Macias. (Tr. 70.) The vocational expert opined that a person with those limitations would not be able to sustain work. (Tr. 70.) Thus, the proper consideration of Ms. Macias' opinion is critical to the nondisability determination.

The ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states "specific, legitimate reasons" that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747,

753 (9th Cir. 1989)); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Here, the limitations and diagnoses assessed by Ms. Macias are more severe than those indicated by Dr. Beaty (Tr. 280-92), Dr. Holmes (Tr. 525-31), and Dr. Schmauch. (Tr. 532-35.) Thus, the ALJ was required to provide specific, legitimate reasons for rejecting Ms. Macias' opinion.

The ALJ gave two reasons for rejecting Ms. Macias' opinion. First, the ALJ pointed out that opinions rendered on check-box or form reports that do not contain significant explanation of the bases for conclusions may appropriately be accorded little or no weight. (Tr. 29.) Individual medical opinions are preferred over check-box reports. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). Ms. Macias' report contains very little information regarding the basis of the limitations she assessed. Ms. Macias twice noted that Plaintiff "seemed uncooperative" and that he had an "uncooperative attitude," but provided no other justification for the marked and moderate social limitations assessed. (Tr. 474-75.) Thus, the basis for her opinion is not clear and the ALJ reasonably considered the check-box format in assigning little weight to the opinion.

Plaintiff points to the opinions of reviewing psychologists Dr.

Beaty and Dr. Brown which were also rendered on check-box forms. On December 28, 2002 Dr. Brown completed a Psychiatric Review Technique form and prepare a Mental Residual Functional Capacity Assessment. (Tr. 368-84.) Dr. Beaty completed a Psychiatric Review Technique form on July 13, 2004. (Tr. 280-92.) The ALJ gave significant weight to both opinions. (Tr. 28.) Plaintiff argues, "The ALJ cannot have it both ways; he cannot give significant weight to doctors who have never seen or examined Mr. King and completed checkbox forms and little weight to an evaluator who actually evaluated Mr. King and completed a checkbox form." (Ct. Rec. 14 at 12.)

However, Dr. Brown listed evidence in the record supporting his opinion and supported his assessment in detail by category. (Tr. 380-81, 384.) Dr. Beaty specifically identified medical evidence he considered as the basis of his opinion. (Tr. 292.) By contrast, Ms. Macias provided no explanatory information for her assessment of limitations beyond Plaintiff's lack of cooperation. Plaintiff's argument would have this case turn on his own lack of cooperation during one examination, ignoring the conclusions of examining and nonexamining physicians and psychologists who justified their opinions in detail.[2]

Plaintiff also argues that the opinions of Drs. Brown and Beaty were rendered at time when Mr. King was using substances. (Ct. Rec. 14 at 12.) However, the ALJ considered how each doctor addressed the substance abuse issue. (Tr. 28.) As the ALJ pointed out, Dr. Brown

---

[2]Dr. Holmes, an examining psychologist, and Dr. Schmauch, a medical doctor and psychiatric resident, also provided detailed explanations of their opinions. (Tr. 525-35.)

noted substance abuse as a factor, but did not separate substance abuse in his functional assessment. (Tr. 376, 378, 382-83.) Dr. Beaty assessed Plaintiff's limitations with and without the effects of substance abuse. (Tr. 290.) It is reasonable to conclude from the ALJ's discussion of the opinions that he took into account how each psychologist addressed the substance abuse issue. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (court may make reasonable inferences from ALJ's discussion of the evidence). The ALJ did not err by considering opinions rendered during a period of substance abuse because he considered the effect of substance abuse on the conclusions in the opinions.

The second reason provided by the ALJ for rejecting Ms. Macias' opinion is that the definition of "marked" on the DSHS form she completed differs from the definition contained in the regulations for assessing mental disorders. (Tr. 29.) The form completed by Ms. Macias indicates a marked limitation involves "very significant interference with work-related activities" and a moderate limitation involves "significant interference with work-related activities." (Tr. 472.) The regulations indicate a marked limitation is one of such degree "to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 12.00(C)(1). While the definitions of "marked" differ on the two forms, the difference alone does not justify rejection of an opinion rendered on a DSHS form. A medical or psychological opinion is not without merit simply because it was generated using terminology differing from the regulations.

Furthermore, the ALJ asserts the differences in the forms mean

Ms. Macias' opinion is not entitled to "controlling weight" under 20 C.F.R. §§ 404.1527(e) and 416.927(e).[3] While it is true that treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." S.S.R. 96-5p. The regulations cited by the ALJ also state, "We use medical sources, including your treating sources, to provide evidence, including opinions, on the nature and severity of your impairment(s)." 20 C.F.R. § 404.1527(e)(2) and 416.927(e)(2). Even if Ms. Macias' opinion solely addressed issues reserved to the Commissioner (and the court is not convinced that it does), it should not have been rejected on that basis.

> The ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from a medical source on an issue reserved to the Commissioner. . . . [T]he adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

S.S.R. 96-5p. The ALJ did not determine the extent to which Ms.

---

[3]The regulations cited by the ALJ state that some issues are not medical opinions and are reserved to the Commissioner. Opinions on issues reserved to the Commissioner include opinions regarding whether a claimant is disabled; whether an impairment meets or equals a listing; residual functional capacity; and the application of vocational factors. 20 C.F.R. § 404.1527(e)(1) and (2); 20 C.F.R. § 416.927(e)(1) and (2). The regulations cited by the ALJ do not mention the term "controlling weight," but do state, "We will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(e)(3).

Macias' opinion is supported by the record. Thus, the conclusion that Ms. Macias' opinion is not entitled to controlling weight is not a specific, legitimate reason for rejecting the opinion.

The ALJ cited one acceptable reason for rejecting Ms. Macias' opinion and one unacceptable reason for rejecting Ms. Macias' opinion. There may be cases where one proper reason constitutes the requisite "specific, legitimate reasons" for rejecting opinion evidence. However, here the ALJ essentially rejected Ms. Macias' opinion based on the format of the opinion, apparently without considering its contents or the evidence supporting or undermining it. Other reasons may exist to reject Ms. Macias' report, but the court is constrained to review only those reasons cited by the ALJ.[4] *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). As currently presented in the administrative decision, Ms. Macias' opinion was not rejected on the basis of sufficient reasoning supported by substantial evidence in the record. This was error.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ should reconsider the

---

[4] Indeed, it is noted that Defendant's brief contains additional reasons the ALJ could have cited for rejecting Ms. Masias' opinion. (Ct. Rec. 18 at 16-17.) An ALJ also need not accept an opinion that is brief, conclusory, and unsupported by clinical findings. *Tonapetyan v. Halter*, 244 F.3d 1144 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

opinion of Ms. Macias and justify his findings regarding her opinion with specific, legitimate reasons supported by the record. If necessary, the ALJ should reconsider the residual functional capacity determination and step five findings, as well.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED May 28, 2009.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE