UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH M. KING,                          )
                                         )    No. CV-08-179-CI
            Plaintiff,                    )
                                         )
v.                                       )    ORDER GRANTING DEFENDANT'S
                                         )    MOTION TO ALTER OR AMEND THE
MICHAEL J. ASTRUE,                       )    JUDGMENT PURSUANT TO FED. R.
Commissioner of Social                   )    CIV. P. 59(e)
Security,                                )
                                         )
            Defendant.                   )
                                         )
_____        )

BEFORE THE COURT is Defendant's Motion to Alter or Amend the Judgment Pursuant to FED. R. CIV. P. 59(e). (Ct. Rec. 21.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant. After reviewing the record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion to Alter or Amend the Judgment pursuant to FED. R. CIV. P. 59(e).

## BACKGROUND AND STANDARD OF REVIEW

Plaintiff Joseph M. King (Plaintiff) filed for disability insurance benefits and social security income on April 15, 2004. Benefits were denied initially and on reconsideration. After a hearing before administrative law judge Richard A. Say on October 13, 2006, the ALJ denied benefits and the Appeals Council denied review. Plaintiff filed a civil action in district court to obtain judicial review of the agency's decision. Plaintiff and Defendant filed cross-Motions for Summary Judgment, and this court entered an Order Granting

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-1

1 Plaintiff's Motion for Summary Judgment and Remanding for Additional

2 Proceedings Pursuant to Sentence Four 42 U.S.C. § 405(g) on May 28,

3 2009 ("Order Granting Plaintiff's Motion for Summary Judgment").

4 (Ct. Rec. 19.)  Defendant timely filed a Motion to Alter or Amend on

5 June 5, 2009.  (Ct. Rec. 21.)  Under FED. R. CIV. P. 59(e), it is

6 appropriate to alter or amend a judgment if "(1) the district court is

7 presented with newly discovered evidence, (2) the district court

8 committed clear error or made an initial decision that was manifestly

9 unjust, or (3) there was an intervening change in controlling law."

10 *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780

11 (9th Cir. 2009), citing *Zimmerman v. City of Oakland*, 255 F.3d 734,

12 740 (9th Cir. 2001).

13 **ISSUE**

14 Defendant argues the court should amend or alter its judgment

15 because it clearly erred by using an incorrect standard for rejecting

16 an "other source" opinion.  (Ct. Rec. 22 at 3-6.)  Plaintiff argues

17 the court did not err in finding that the ALJ's decision was not

18 supported by substantial evidence.  (Ct. Rec. 26 at 2-4.)

19 **DISCUSSION**

20 At issue is the January 27, 2005, opinion of Sandra L. Macias, an

21 MSW intern, co-signed by Bobi Womach Goodson, a licensed social

22 worker.  (Tr. 474-75.)  The ALJ assigned little weight to Ms. Macias'

23 opinion.  (Tr. 29.)  Plaintiff's Motion for Summary Judgment argued

24 the ALJ improperly rejected the opinion.  (Ct. Rec. 14 at 11-12.)  In

25 its Order Granting Plaintiff's Motion for Summary Judgment, the court

26 concluded the ALJ erred by failing articulate adequate specific,

27 legitimate reasons for rejecting Ms. Macias' opinion.  (Ct. Rec. 19 at

28 15.)  Defendant's Motion to Alter or Amend the Judgment argues Ms.

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-2

Macias is an "other source" whose opinion may be rejected for only "germane" reasons rather than the higher standard of "specific and legitimate" reasons applied to acceptable medical source opinions. (Ct. Rec. 22 at 3-6.)

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources.  20 C.F.R. §§ 404.1527(d), 416.927(d); S.S.R. 96-2p; S.S.R. 96-6p.  Acceptable medical sources include licensed physicians and psychologists.[1]  20 C.F.R. §§ 404.1513(a), 416.913(a).  In addition to evidence from acceptable medical sources, the ALJ may also use evidence from "other sources" including nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).

Social Security Ruling 06-3p summarizes regulations providing that only an acceptable medical source can: (1) establish the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source.  Evidence from other sources can be used to determine the severity of an impairment and how it affects the ability to work.  S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d).  "Information from other sources cannot establish the existence of a medically determinable impairment. . . . However, information from 'other sources' may be based on special knowledge of the individual and may provide insight into the

---

[1] Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their respective areas of specialty only.  20 C.F.R. §§ 404.1513(a), 416.913(a).

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)-3

severity of the impairment(s) and how it affects the individual's
ability to function."  S.S.R. 06-3p.

   In evaluating the evidence, the ALJ should give more weight to
the opinion of an acceptable medical source than that of an "other
source."  20 C.F.R. §§ 404.1527, 416.927;  *Gomez v. Chater*, 74 F.3d
967, 970-71 (9th Cir. 1996).  However, the ALJ is required to "consider
observations by non-medical sources as to how an impairment affects a
claimant's ability to work."  *Sprague v. Bowen*, 812 F.2d 1226, 1232
(9th Cir. 1987).

   If a treating or examining physician's opinions are not
contradicted, they can be rejected only with "clear and convincing"
reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  However,
if contradicted, the ALJ may reject the opinion if he states
"specific," "legitimate" reasons that are supported by substantial
evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d
1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747,
753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

   An ALJ must give reasons "germane" to "other source" testimony
before discounting it.  *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.
1993).  Lay testimony can never establish disability absent
corroborating competent medical evidence.  *See Nguyen v. Chater*, 100
F.3d 1462, 1467 (9th Cir. 1996).  It is appropriate to discount lay
testimony if it conflicts with medical evidence. *Vincent v. Heckler*,
739 F.2d 1393, 1395 (9th Cir. 1984).

   Ms. Macias is a social worker and is therefore an "other source,"
not an acceptable medical source.  The proper standard for evaluating
the ALJ's consideration of Ms. Macias' opinion is whether the reasons
given by the ALJ were "germane" to Ms. Macias, not whether the reasons

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-4

cited by the ALJ were "specific and legitimate."  Therefore, this court clearly erred by applying the specific and legitimate standard to the ALJ's reasons for rejecting Ms. Macias' opinion.

Plaintiff argues the ALJ treated Ms. Macias as an acceptable medical source and, therefore, the ALJ must provide specific, legitimate reasons for rejecting the opinion.  (Ct. Rec. 26 at 2.) Plaintiff also suggests that because the ALJ did not cite Ms. Macias' status as an "other source" as a reason for rejecting the opinion, the Defendant "cannot raise it now."  (Ct. Rec. 26 at 2.)  While it is true that the court is constrained to review only those reasons asserted by the ALJ, *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001), the issue raised by the Motion to Alter or Amend the Judgment is not the reasons asserted by the ALJ, but the standard for reviewing those reasons.  Plaintiff cites no authority for his arguments, and the court finds no case law supporting his position.  Thus, the court must review the ALJ's consideration of Ms. Macias' opinion to determine whether the reasons cited were germane to the source.

The ALJ gave two reasons for rejecting Ms. Macias' opinion.  The first reason cited by the ALJ is that opinions rendered on check-box or form reports which do not contain significant explanation of the bases for conclusions may appropriately be accorded little or no weight.[2]  (Tr. 29.)  The court previously concluded this is a specific,

---

[2] This statement gives rise to the inference the ALJ found Ms. Macias' opinion to be inadequately explained.  The court may make reasonable inferences from the ALJ's discussion of the evidence.  *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)-5

1    legitimate reason for rejecting a report, and also finds it is a

2    germane reason for rejecting Ms. Macias' report.   As noted in the

3    Order Granting Plaintiff's Motion for Summary Judgment, individual

4    medical opinions are preferred over check-box reports.  *See Crane v.*

5    *Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d

6    499, 501 (9th Cir. 1983).   Ms. Macias supported the limitations

7    assessed with only two notes that Plaintiff was uncooperative.  (Tr.

8    474-75.)  The lack of explanatory support for the boxes checked by Ms.

9    Macias constitutes a germane reason for rejecting the report.

10        Plaintiff reiterates his argument that the opinions of reviewing

11   psychologists Dr. Beaty and Dr. Brown which were also rendered on

12   check-box forms, but were not rejected by the ALJ.  (Ct. Rec. 26 at

13   3.)  The court previously rejected this argument and again rejects it

14   for the reasons cited in its previous order. (Ct. Rec. 19 at 11-13.)

15        The second reason provided by the ALJ for rejecting Ms. Macias'

16   opinion is that the definition of "marked" on the DSHS form she

17   completed differs from the definition contained in the regulations for

18   assessing mental disorders.   (Tr. 29.)   The ALJ also asserted the

19   difference in the definitions means Ms. Macias' opinion is not

20   entitled to "controlling weight" under 20 C.F.R. §§ 404.1527(e) and

21   416.927(e), suggesting that it is entitled to no weight for this

22   reason.   The court again finds this is an improper reason for

23   rejecting Ms. Macias' opinion, even under the "germane" standard, for

24   the reasons discussed in its previous ruling. (Ct. Rec. 19 at 13-15.)

25   This error, however, is harmless,[3] because the ALJ cited another

26

27        [3]Errors that do not affect the ultimate result are harmless.  *See*

28   *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*,

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-6

1  germane reason for rejecting the opinion.  *See Valentine v. Comm'r*

2  *Soc. Sec. Admin.*, __ F.3d ___, 2009 WL 2138981, at *7 (9th Cir. 2009)

3  (one germane reason cited by the ALJ found acceptable in rejecting lay

4  witness evidence); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001);

5  *see also Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1985).

6       The ALJ's rejection of Ms. Macias' opinion because it was an

7  inadequately explained check-box form is germane, legally sufficient,

8  and supported by the record.  The record also reflects other germane

9  reasons exist to reject Ms. Macias' opinion.  The ALJ is not required

10 to explicitly link his determination to those reasons, as long as they

11 are noted in the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th

12 Cir. 2001) ("[i]n all, the ALJ at least noted arguably germane reasons

13 for dismissing the family members' testimony, even if he did not

14 clearly link his determination to those reasons").

15      Even if the ALJ erred and Ms. Macias' opinion were credited, the

16 ultimate nondisability determination would be unchanged.  Because Ms.

17 Macias is an "other source" under the Regulations, her opinion cannot

18 establish a disability.   20 C.F.R. §§ 1513(d), 416.913(d).   Lay

19 witness testimony is not the equivalent of medically acceptable

20 diagnostic techniques ordinarily relied upon to establish disability.

21 *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1985).   The ALJ

22 adequately explained why other evidence supporting disability was

23 rejected, and no acceptable medical source whose opinion was credited

24 by the ALJ opined that Plaintiff was disabled notwithstanding the

25 effects of drug and alcohol use.   Because Ms. Macias' opinion alone

26

27 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human*

28 *Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-7

1  cannot establish disability, any error made in rejecting her opinion

2  is harmless.  *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d

3  1050, 1056 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th

4  Cir. 2005); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.

5  1990)(where corrected error does not change the outcome, the error is

6  harmless).  Thus, the ALJ's decision should be affirmed.

7                              **CONCLUSION**

8       The court's Order Granting Plaintiff's Motion for Summary

9  judgment remanded the case to the Commissioner to reconsider Ms.

10 Macias' opinion and justify his findings.   However, this court

11 applied the incorrect standard in reviewing the ALJ's consideration of

12 an other source opinion, which was clear error.  After applying the

13 proper standard, the court concludes the ALJ provided a germane reason

14 for rejecting Ms. Macias' opinion and did not err.  Therefore, the

15 court amends the Order Granting Plaintiff's Motion for Summary

16 Judgment to the extent it is inconsistent with the discussion herein.

17 The Order is also amended to deny Plaintiff's Motion for Summary

18 Judgment and grant Defendant's Motion for Summary Judgment.  To the

19 extent consistent with this Order, the court's review of and rulings

20 on other issues raised by the parties in its Order entered May 28,

21 2009, are unchanged.  Accordingly,

22      **IT IS ORDERED:**

23      1.   Defendant's Motion to Alter or Amend Judgment **(Ct. Rec. 21)**

24 is **GRANTED**;

25      2.   The court's Order Granting Plaintiff's Motion for Summary

26 Judgment and Remanding for Additional Proceedings Pursuant to Sentence

27 Four 42 U.S.C. § 405(g) dated May 28, 2009 **(Ct. Rec. 19)** is **AMENDED** to

28 the extent it is inconsistent with this decision, including 1)

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-8

Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**; and

2) Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  An amended judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED August 25, 2009.


                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE


ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)-9